# OFFICIAL SYLLABI
# Ohio Appeals

## COCA-COLA BOTTLING WORKS CO. v. MEYER, Admx.

Ohio Appeals, 1st Dist., Hamilton Co.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for Bottling Works.

Kunkel & Kunkel, Cincinnati, for Meyer, Admx.

HAMILTON, PJ.

**PLEADINGS—Negligence (370 W)**
(440 A2)  Under Sections 10214 and 11363 GC., allowance of amendment to petition in ac-

tion for damages for wrongful death to charge a willful tort in addition to ordinary negligence held not erroneous, in that it added a material fact as a basis for recovery.

**AUTOMOBILES.**

(50 Na2) Where trespasser on auto truck, committed to employee by owner for operation of owner's business, is injured by wanton and willful conduct of employee in course and within scope of employment, and while aware of perilous position of trespasser, the owner is responsible.

(50 Nl) In action for wrongful death occurring while decedent was trespasser on auto truck operated by defendant's employee in course of employment, evidence relative to employee's wanton and willful conduct sufficient to justify recovery against employer and held sufficient for submission to jury.

**TRIAL.**

(590 W3g) Where defendant introduced witness from whom plaintiff had theretofore taken deposition, trial court properly permitted plaintiff, upon cross-examination of such witness for the purpose of impeachment, to make reference to certain questions and answers asked and given and contained in deposition.

**AUTOMOBILES.**

(50 A2b) Instruction, in action for death resulting while decedent was riding upon truck belonging to a defendant and operated by employee, relative to willful injury, and stating that willful injury might result from failure to exercise ordinary care to prevent injury, held not prejudicially erroneous, in view of other parts of charge authorizing recovery only in case death resulted from wanton and willful conduct of employee.

(Mills and Cushing, JJ., concur.)

(For reference to full opinion, see Omnibus Index, last page, this issue.)